IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**JAMES L. GRAHAM**,
    Plaintiff,

v.                                                                                          Civ. No. 05-0405 BB/DJS

**STANLEY E. JENNINGS and**,
**THE UNITED STATES OF AMERICA,**
    **Defendants.**

### MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on the United States' Motion to Dismiss Or In The Alternative For Summary Judgment (Doc 14), and the Court, having considered the briefs of the parties and being otherwise advised, finds Defendant's motion should be, and hereby is, GRANTED IN PART.  As a result, Plaintiff's federal claim will be transferred to the United States Court of Appeals for the Sixth Circuit, Plaintiff's state law claim will be dismissed without prejudice.  Due to the dismissal of Plaintiff's state law claims, the Court will take no action on Plaintiff's Motion for Summary Judgment (Doc No. 6).

### I. BACKGROUND

    Plaintiff James Graham, *pro se*, alleges that he entered into a verbal contract with Defendant Stanley Jennings to purchase an aircraft, an Ercoupe Model 415C (Registration Number N93902 and Serial Number 1225).  Plaintiff asserts the agreement called for this vintage aircraft to be restored by a mechanic hired by Mr. Jennings, but Mr. Jennings would not complete the transaction because the mechanic moved and was unable to restore the aircraft.  In an effort to

protect his alleged interest in the aircraft, Plaintiff attempted to record a unilateral affidavit which claims an equitable interest in the aircraft with the Federal Aviation Administration ("FAA"). Initially, the FAA declined to record the affidavit pending the receipt of additional information. Recently, however, the FAA issued a final agency order refusing to record Plaintiff's affidavit.

Plaintiff seeks to challenge the FAA action in this Court. The United States argues that the agency's final action in this matter divests this Court of any and all jurisdiction over Plaintiff's federal claim, specifically asserting that the courts of appeals have exclusive jurisdiction over such claims.

## II. STANDARD OF REVIEW

The Government has moved this Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the complaint for "lack of jurisdiction over the subject matter." See Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002). The issue of jurisdiction is a threshold matter that this Court must address before addressing the underlying merits presented by this case. Id. This Court may not decide the merits of this case without deciding the jurisdictional question first "even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied." See id.

The burden of establishing subject matter jurisdiction rests upon the Plaintiff in this case, as the party asserting jurisdiction. See id.

## III. DISCUSSION

**Plaintiff's Federal Claim**

Under 49 U.S.C. §46110(a) (2000), "a person disclosing a substantial interest in an order issued by . . . the Administrator of the Federal Aviation Administration . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business."  The jurisdiction of the courts of appeals under this statute is exclusive of the district courts.  49 U.S.C. §46110(c)  (establishing that the courts of appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the . . . Administrator to conduct further proceedings."); Alliance for Legal Action v. F.A.A., 69 Fed. Appx. 617, 621 (4th Cir. 2003) (unpublished) (applying 49 U.S.C. §46110(c) and concluding that the district court lacked jurisdiction to review a federal agency order); Merritt v. Shuttle, Inc.,187 F.3d 263, 270 (2d Cir. 1999) (applying 49 U.S.C. §46110(c) and concluding that the district court lacked jurisdiction to hear a claim *involving* a federal agency order); Clark v. Busey, 959 F.2d 808, 811 (9th Cir. 1992) (applying the previous version of the current statute, 49 U.S.C. app. §1486 (1988), and holding that "jurisdiction lay exclusively in the court of appeals").  Clark makes it clear that Plaintiff is mistaken in his belief that this Court has jurisdiction under either the federal question statute, 28 U.S.C. §1331, or via mandamus under the All Writs Act, 28 U.S.C. §1361.  See Pltf. Reply to Mot. to Dismiss at 3; Clark, 959 F.2d at 812 (explaining that the jurisdictional provisions of the Federal Aviation Act preempt §1331 jurisdiction and that mandamus is only available when review by other means is not possible); Great Plains Coop v. Commodity Futures Trading Com'n, 205 F.3d 353, 355 (8th Cir. 2000) (plaintiffs may not seek review in a federal district court where a specific statutory scheme vests

exclusive jurisdiction in the courts of appeal).  By filing this action in a federal district court, Plaintiff has filed his federal claim for review of the FAA's order in the incorrect court.

This Court may transfer actions to cure jurisdictional defects under 28 U.S.C. §1631. That statute provides that, if it is in the interests of justice, federal district courts may transfer actions to the court of appeals in which the case should have been brought.  See 28 U.S.C. §1631. Pursuant to this authority, this Court may transfer Plaintiff's federal claim for review of the FAA's action to either the Court of Appeals for the District of Columbia Circuit or the Court of Appeals for the Sixth Circuit, as the place of Plaintiff's residence. See 49 U.S.C. §46110(a); Graham Affidavit, para. 1.  In the belief that it may be more convenient to Plaintiff to litigate this case in the circuit wherein he resides, this Court will transfer Plaintiff's federal claim to the Court of Appeals for the Sixth Circuit.

**Plaintiff's State Law Claim**

In the absence of a federal claim over which this Court has subject matter jurisdiction, this Court cannot exercise supplemental jurisdiction over state law claims under §1367.[1]  See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) ("The . . . plain language [of §1367] makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it."); Textile Prods., Inc. v.

---

[1] Even if this Court had subject matter jurisdiction over the federal claim in this case, it would decline to assert supplemental jurisdiction over the state claims in this case because the heavily fact-dependent issue of actual ownership is likely to substantially predominate over the federal review of the FAA's order.  See 28 U.S.C. §1367(c)(2).  Indeed, the ultimate issue in the case is the state law issue of ownership.  See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995) (district court should decline supplemental jurisdiction if adjudicating the state claims would permit the "federal tail to wag what is in substance a state dog.").  Now that this Court has transferred the only claim over which it allegedly had jurisdiction, this Court would have even more reason to decline to exercise supplemental jurisdiction. See 28 U.S.C. §1367(c)(3) (including the dismissal of all federal claims over which a district court has original jurisdiction as a factor permitting a district court to decline to assert supplemental jurisdiction).

Mead Corp., 134 F.3d 1481, 1486 (Fed. Cir. 1998) (district court could not assert supplemental jurisdiction over state law claim after it dismissed the federal patent infringement claim for lack of subject matter jurisdiction).  As indicated above, this Court does not have original jurisdiction over any federal claim.  Therefore, Plaintiff's state law claims must be dismissed without prejudice. See Textile Prods., 134 F.3d at 1486 (because district court was without a jurisdiction conferring claim, the district court could not rule on the merits of the state law contract claim and should have dismissed the state law claim without prejudice).

Having decided that the Court does not have subject matter jurisdiction over the federal claim in this case, and that, in consequence, the Court must dismiss Plaintiff's state claims without prejudice; the Court need not consider the ripeness argument raised in the Government's motion. Similarly, the Court will take no action regarding Plaintiff's Motion for Summary Judgment (Doc. No. 6).

DATED at Albuquerque this 17th of November, 2005.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE